IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| STEVEN LEE SHERROD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CV-05048-WJE |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Steven Lee Sherrod seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434. Administrative Law Judge Mary J. Leary ("ALJ") found that although Mr. Sherrod had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to perform light work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

## I. Background

Mr. Sherrod protectively filed a claim for DIB on August 20, 2019. (AR 23). He alleged a disability onset date of February 1, 2016. (*Id.*). He alleges disability due to post-traumatic stress disorder, anxiety, sleep apnea, shoulder joint pain, knee joint pain, insomnia, and back pain. (*Id.*

---

[1] With the consent of the parties, this case was assigned to the undersigned pursuant to the provisions of 28 U.S.C. § 636(c).

25-26, 166). His claim was initially denied on November 18, 2019. (*Id.* 23). He filed a written request for hearing which was held on December 15, 2020. (*Id.*).

On January 6, 2021, the ALJ denied Mr. Sherrod's claim. (*Id.* 20). The ALJ determined that although Mr. Sherrod had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 25-28). She also determined that Mr. Sherrod had an RFC to perform light work with certain limitations, including:

> he can occasionally climb ladders, ropes, and scaffolds; he cannot reach overhead with the bilateral upper extremities; he can frequently reach in all other directions; he must avoid concentrated exposure to vibration and hazards, such as dangerous machinery and unprotected heights; he can understand, remember, and carry out uncomplicated commands involving simple instructions and make simple work-related decisions; he can sustain concentration, persistence, and pace through simple tasks; he can tolerate occasional interaction with coworkers and supervisors; and he can have no contact with the general public.

(*Id.* 28-29). During the hearing on December 15, 2020, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Sherrod's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 36, 68-70). The VE testified that such an individual could perform work as a production assembler, packing header, or blade balancer. (*Id.* 36, 68-70).

Following the ALJ's decision, Mr. Sherrod filed an appeal with the Appeals Council. (*Id.* 126-28). The Appeals Council denied Mr. Sherrod's request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-6). Because Mr. Sherrod has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

**II. Disability Determination and the Burden of Proof**

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). The SSA has

established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 404.1520; *see Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Mr. Sherrod raises one issue in his appeal before the Court. He argues that the RFC decision is not supported by substantial evidence because the ALJ failed to reconcile conflicts between a medical opinion and the RFC. (*See* Doc. 11 at 9-15). The Court finds that substantial evidence supports the RFC because the ALJ referenced medical evidence in the record, and appropriately addressed any inconsistencies. Accordingly, this Court affirms.

"A claimant's RFC is 'the most [he] can still do despite his limitations.'" *Swink*, 931 F.3d at 769 (quoting 20 C.F.R. § 404.1545(a)(1)). "[T]he RFC determination is a 'medical question,' that 'must be supported by some medical evidence of [the claimant's] ability to function in the workplace.'" *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (S.S.A., July 2, 1996). Additionally, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

The ALJ adequately addressed inconsistencies between the RFC and clinical psychologist Brooke Whisenhunt's report. Dr. Whisenhunt opined that "Mr. Sherrod . . . seemed likely to struggle to sustain concentration and persistence on even easy tasks on a consistent basis." (AR 778-79). The ALJ found Dr. Whisenhunt's opinion "largely persuasive," and "generally supported by the other objective findings in the record, and . . . generally consistent with the residual functional capacity found within this decision." (*Id.* 34). The ALJ noted that "Dr. Whisenhunt is a mental health specialist, and she had the benefit of examining the claimant for the purpose of her

report." (*Id.*). The ALJ, however, determined that Mr. Sherrod has only a "moderate limitation in concentrating, persisting, or maintaining pace." (*Id.* 28). To support this finding, the ALJ considered that Mr. Sherrod "pays bills, uses a cell phone to manage a Facebook account and play card games, . . . plays video games, drives a car, shops in stores, helps his son with homework, watches Netflix, drives a boat, mows the grass with a riding lawn mower, and does jujitsu routinely." (*Id.*). She also considered office treatment notes in the record that described Mr. Sherrod as "alert, oriented, he makes good eye contact, he has a normal attention span, he has intact concentration, and he has a goal-directed thought process." (*Id.*). The ALJ also specifically addressed Dr. Whisenhunt's examination notes that led to the RFC decision, finding that Mr. Sherrod "arrived on time for his appointment, he maintained adequate eye contact, he was responsive, he was cooperative, he was able to understand and respond to normal conversation, he had logical and consistent thoughts, and he was oriented." (*Id.* 34). In doing so, the Court finds that the ALJ properly provided a narrative discussion describing how the evidence supports only a moderate limitation and explained why Dr. Whisenhunt's report was not fully adopted.[2] *See* SSR 96-8p, 1996 WL 374184, at *7 (S.S.A., July 2, 1996).

### V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Sherrod was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

---

[2] No extended analysis describing the conflict between the opinions of Dr. Stephen Scher and Dr. Whisenhunt is necessary because the ALJ did not find the opinions equally well-supported. *See* 20 C.F.R. § 404.1520c(b)(3). Dr. Scher did not examine Mr. Sherrod, nor was his opinion based on all of the evidence in the record. (*See* AR 27).

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 21st day of March 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge